# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PNC BANK, N.A.,**

      **Plaintiff,**

v.                                                          **Case No: 6:13-cv-941-Orl-31DAB**

**FROG ADVENTURES, INC., RONALD DEFILIPPO, FRANK T. VILLANTE, GUMBOS INC.,**

      **Defendants.**

## ORDER

This cause comes before the Court on a Motion to Dismiss (Doc. 12) filed by Defendants Frog Adventures, Inc. ("FROG") and Ronald Defilippo ("Defilippo"), and Plaintiff, PNC Bank N.A.'s Response thereto (Doc. 16).

This commercial foreclosure action was filed on June 17, 2013. Defendants now move to dismiss the case based on a provision in a commitment letter, incorporated by reference into the other relevant documents, that states, "venue for any disputes will be by courts located in Volusia County, Florida." (Doc. 1-2). Since there is no federal court physically located in Volusia County, Defendants argue that this case must be dismissed. Plaintiff does not dispute that this agreement controls, but contends that venue is still proper in this Court.

Construction of a forum selection clause is a matter of federal common law. *P & S Bus. Machs., Inc. v. Canon USA, Inc.,* 331 F.3d 804, 807 (11th Cir. 2003). Under federal common law, forum selection clauses are to be interpreted by reference to "ordinary contract principles" and are presumptively valid absent some evidence of inequitable conduct. *Snapper, Inc. v. Redan,* 171

F.3d 1249, 1261 (11th Cir.1999). *See also Rucker v. Oasis Legal Finance, LLC,* 632 F.3d 1231, 1236 (11th Cir.2011) (quoting *Krenkel v. Kerzner Int'l Hotels Ltd.,* 579 F.3d 1279, 1281 (11th Cir.2009)). A forum selection clause may be either "mandatory" or "permissive" in nature. *Global Satellite Commc'n Co. v. Starmill U.K. Ltd.,* 378 F.3d 1269, 1272 (11th Cir.2004). One hallmark of a mandatory clause is the use of the imperative term "shall," which prescribes a "requirement." *Slater,* 634 F.3d at 1330 (citing *Global Satellite,* 378 F.3d at 1272); s*ee also Millennium Med. Mgmt., LLC v. Ling Li*, 6:12-CV-663-ORL-31, 2012 WL 1940112 (M.D. Fla. May 29, 2012).

Recently in *Millennium,* this Court noted the split of authority regarding these clauses, 2012 WL 1940112 at *2, but granted a motion to remand based on a forum selection clause which read, "[v]enue shall be in Brevard County, Florida." *Id*. In doing so, the Court relied primarily on *Cornett v. Carrithers*, which held that a mandatory forum selection clause precludes removal where the parties select a venue in which there is no federal court. No. 11–14212, 2012 WL 687011, *2 (11th Cir. March 2, 2012) (forum selection clause which read "venue shall be Suwannee County, Florida" was a waiver of defendant's right to removal because "the only court situated in Suwannee County, Florida is the Circuit Court for the Third Judicial Circuit, the ... forum selection clause did in fact designate that court as the particular forum in which the parties must bring suit. By the same token, removal of the action to the United States District Court for the Middle District of Florida, Jacksonville Division, located outside of Suwannee County, Florida, would not satisfy the venue requirement.").

The forum selection clause in this case is virtually identical to those in *Millennium* and *Cornett.* Since there is no federal court in Volusia County, Florida, it is,

**ORDERED** that Defendants' Motion is **GRANTED**. This case is **DISMISSED**. The Clerk is directed to close the file.

      **DONE** and **ORDERED** in Orlando, Florida on August 2, 2013.

                                                            **GREGORY A. PRESNELL**
                                                         **UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Parties